# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6803 | **DATE** | 8/22/2001 |
| **CASE TITLE** | MJC-A WORLD OF QUALITY, INC., et al vs. WISHPETS CO., LTD., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants defendants' Rule 12(b)(2) motion to dismiss [7-1]. Because the Court dismisses this case for want of jurisdiction, the Court need not address the merits of defendants' motion to transfer [7-2], which is denied as moot. This case is hereby terminated and all other pending motions are dismissed as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | AUG 27 2001 date docketed | 11 |
| | Notified counsel by telephone. | | | | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | | 01 AUG 24 PM 2: 44 | date mailed notice | |
| CG | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MJC-A WORLD OF QUALITY, INC., )
an Oregon Corporation, d/b/a )
PURR-FECTION BY MJC and MARTIN J. )
CASTRO, an individual, )
               Plaintiffs, )
)     00 C 6803
v. )
)     Judge Ronald Guzmán
WISHPETS CO., LTD., a New Hampshire )
Corporation and THOMAS H. CURLEY, an )
individual, )
)
               Defendants. )



## MEMORANDUM OPINION AND ORDER

Plaintiffs MJC-A World of Quality, Inc., d/b/a/ Purr-fection by MJC ("MJC"), an Oregon corporation, and Martin J. Castro ("Castro"), a resident of Oregon, have filed a six-count Complaint against defendants Wishpets Co., Ltd., a New Hampshire corporation, and Thomas H. Curley, a resident of New Hampshire, alleging copyright infringement (Counts I and IV), federal unfair competition under the Lanham Act (Counts II and V), and common law unfair competition (Counts III and VI). Defendants have moved to dismiss the action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2). Alternatively, defendants request, should the court deny their motion to dismiss, that the action be transferred to the federal district court in New Hampshire pursuant to 28 U.S.C. § 1404 ("section 1404"). Because the Court grants defendants' motion to dismiss for lack of personal jurisdiction, it need not address the merits of the motion to transfer.

## FACTS

MJC manufactures and sells stuffed animal toys in many states including Illinois. (Compl. ¶ 1.) Castro and MJC are the exclusive owners of a copyright for a stuffed toy called the "Java" Bear. (*Id.* ¶ 3.) Evidently, the "Java" Bear is a popular stuffed animal because defendants created a similar toy, which they named the "Omar" Bear. (*Id.* ¶ 7.) Plaintiffs allege that defendants' "Omar" Bear is an illegal copy of the "Java" Bear and that defendants are infringing upon their exclusive copyright. (*Id.*) Furthermore, plaintiffs allege that although they have given defendants prior written notice of this illegal copyright infringement, defendants continue to infringe upon their copyright willfully and deliberately. (*Id.* ¶ 18.) As a result of this alleged illegal infringement, defendants have confused and deceived the public into thinking that the "Omar" Bear is somehow related to plaintiffs. (*Id.* ¶ 20.) The basis for personal jurisdiction over defendants in Illinois alleged by plaintiffs is that defendants "have and continue to do business in Illinois" and that the torts committed by defendants upon plaintiffs occurred within Illinois. (*Id.* ¶ 6.)

Defendants contend that Hotspur Inc., d/b/a Wishpets Co., Ltd.,[1] is a New Hampshire corporation and that all of its employees reside and work in New Hampshire. (Defs.' Mot. Dismiss ¶ 15.) They also contend that Thomas H. Curley ("Curley") is the Treasurer of Hotspur and that he resides in New Hampshire. (*Id.* ¶ 16.) Neither Hotspur nor Curley has ever owned or leased property in Illinois. (*Id.* ¶ 20.) They contend that they have never conducted any business in Illinois. (*Id.*) Defendants state that they have never maintained any employees, agents, offices, telephone listings, bank accounts, subsidiaries or affiliates in Illinois. (*Id.* ¶ 21.) Further, they contend that Curley has never personally conducted any business or solicited sales in Illinois. (*Id.* ¶¶ 19, 23.) Defendants argue that they have never directed advertising or marketing to Illinois' retailers or consumers. (*Id.* ¶ 22.)

Defendants do admit that ninety "Omar" Bears have been sold to various retail locations

---

[1] Defendants state that "Wishpets Co. Ltd" is merely a trade name and not a corporate entity and that Hotspur International, Inc. is the "appropriate corporate defendant." (Defs.' Mot. Dismiss ¶ 10 n.1.) Because defendants do not argue that this is a basis for dismissal, the court will treat Wishpets and Hotspur as one in the same.

in Illinois for a total of six hundred and seventy-five dollars in revenue. (*Id.* ¶ 26.) In spite of this admission, defendants contend that they never dealt with Illinois consumers directly, but rather merely filled orders placed by central purchasing agents of Illinois' retail chain stores. (*Id.* ¶¶ 24, 27.) None of the central purchasing agents are located in Illinois. (*Id.* ¶ 28.) They also point to how insignificant the revenue from these sales to Illinois' consumers was compared to their total revenue for 1999 (.0072%) and 2000 (.0097%). (*Id.* ¶¶ 31, 32.)

Defendants do maintain a web site, which, plaintiffs contend, establishes personal jurisdiction upon them in Illinois. (Pls.' Resp. at 5.) Plaintiffs argue that this web site, as it is accessible to Illinois consumers, is a continuous and systematic contact with Illinois so as to satisfy the statutory and constitutional requirements of personal jurisdiction. (*Id.*) Defendants admit to maintaining a web site, but they argue that having a web site does not establish general jurisdiction over them, even though it is accessible to consumers and retailers in Illinois. (Defs.' Reply Pls.' Resp. at 3.)

## DISCUSSION

To enter a binding judgment, a court must have personal jurisdiction over the defendant. *Rose v. Franchetti*, 713 F. Supp. 1203, 1205 (N.D. Ill. 1989). A federal court has personal jurisdiction over a litigant only if a state court in the same district would have jurisdiction over that party. *Klump v. Duffus*, 71 F.3d 1368 (7th Cir. 1995). The plaintiff bears the burden of establishing personal jurisdiction over the non-resident parties. *McIlwee v. ADM Indus. Inc.*, 17 F.3d 222, 223 (7th Cir. 1994). When deciding whether the plaintiff has made the necessary showing, a court can look to affidavits and exhibits submitted by each party. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). Jurisdictional allegations in the complaint are taken as true, unless controverted by the defendant's affidavits or exhibits, and any factual disputes must be resolved in favor of the plaintiff. *See id.*

For a plaintiff to establish personal jurisdiction in a federal question case he must show that: (1) defendant is amenable to service of process in the forum state, as required by Rule

3

4(k),[2] and (2) bringing the defendant into court "comports with Fifth Amendment Due Process." *LFG, LLC. v. Zapata Corp.*, 78 F. Supp. 2d. 731, 734 (N.D. Ill. 1999).

Turning first to Illinois law, the Illinois long-arm statute provides that:

> (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
>> (1) The transaction of any business within the State;
>>
>> (2) The commission of a tortious act within this State;
>
> . . . .
>
> (c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States;[3]

735 ILL. COMP. STAT. 5/2-209 (1992).

Plaintiffs allege that defendants have conducted business in Illinois and that the acts complained of were committed in Illinois. (Compl. ¶ 6.) Defendants argue that personal jurisdiction does not lie under the Illinois' long-arm because plaintiffs did not suffer a tort in Illinois and because defendants have not conducted business within Illinois under the meaning of the long-arm statute. (Defs.' Mot. Dismiss ¶¶ 35, 36.)

---

[2] Because this case involves the Copyright and Lanham Acts, neither of which provide for service of process, the court must consider whether defendants are amenable to service in Illinois under Illinois' long-arm statute. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997) (Copyright Act); *Swaim v. Moltan Co.*, 73 F.3d 711, 719-20 (7th Cir. 1996) (Lanham Act).

[3] Illinois has adopted a "catch-all" into its long-arm statute that allows Illinois state courts to assert personal jurisdiction as far as the Illinois and United States Constitutions permit. 735 ILL COMP. STAT. 5/2-209(c). Although the Court recognizes that many courts in this district have foregone analyzing whether a defendant fits into the state's long-arm since the adoption of the catch-all, this Court will analyze whether defendants fall within the grasp of the long-arm. *RAR Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) ; *United States v. De Ortiz*, 910 F.2d 376, 381-82 (7th Cir. 1990); *LFG*, 78 F. Supp. 2d at 734 (courts that did not apply the long-arm because of the catch-all provision). Thus, if defendants fall within the long-arm of Illinois, then due process as it is known under Illinois law is surely not violated.

Defendants claim that plaintiffs have not suffered a tort in Illinois as defined by the long-arm statute. (Defs.' Mem. Supp. Mot. Dismiss at 5.) They readily concede that copyright infringement is considered a tort under Illinois law. (*Id.*) They argue that the "infringement of an intellectual property right, by definition, occurs where the owner suffers damage, *i.e.* where the owner is located." (*Id.* at 6.) Thus, following defendants' logic the only place plaintiffs may sue is in Oregon, where plaintiffs are located. This logic is misguided and not supported by case law.

"A company that sells an allegedly infringing item to an Illinois customer has committed a tort in Illinois." *TY Inc., v. BABY ME Inc.*, No. 00 C 6016, 2001 U.S. Dist. LEXIS 5761, at *16 (N.D. Ill. Apr. 20, 2001) (citing *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club, Ltd. Partnership*, 34 F.3d 410, 411-12 (7th Cir. 1994); *International Star Registry v. Bowman-Haight Ventures, Inc.*, No. 98 C 6823, 1999 U.S. Dist. LEXIS 7009 at *18-19 (N.D. Ill. May 4, 1999)); *see North American Philips Co. v. American Vending Sales, Inc.*, 35 F.3d 1576, 1578-79 (Fed. Cir. 1994) (ruling that patent infringement occurs where the allegedly infringing sales are made).

Defendants cite two cases for the proposition that the injury from the infringement occurs where the copyright holder resides. (Defs.' Mem. Supp. Mot. Dismiss at 5.) The first case, *Acrison, Inc. v. Control & Metering Ltd.*, dealt with a situation where neither party resided or did business in Illinois, so the court never had to deal with the issue of whether a tort was committed in Illinois via the sale of the infringing item to Illinois consumers. *See Acrison, Inc. v. Control & Metering Ltd.*, 730 F. Supp. 1445, 1448 (N.D. Ill. 1990). The situation is different here because plaintiffs allege that they conduct business in Illinois. (Compl. ¶ 1.)

The second case relied on by defendants, *Store Décor Div. of JAS Int'l. v. Stylex Worldwide Indus., Ltd.*, 767 F. Supp. 181 (N.D. Ill. 1991), is no more persuasive than *Acrison*. (Defs.' Mem. Supp. Mot. Dismiss at 5.) First, both cases were decided years before the aforementioned cases dealing specifically with the issue of the locus of torts arising from the infringement of intellectual property right. Secondly, *Store Décor* merely relies upon *Acrison*, which never dealt directly with the issue at hand. *Store Décor*, 767 F. Supp. at 183.

Copyright infringement is considered a tort in Illinois and selling an infringing item to Illinois consumers is a tort in Illinois. Plaintiffs allege that they do business in Illinois (Compl. ¶ 1), so they are injured when a product that infringes upon their copyright is sold to Illinois customers. It follows then that if defendants sold their product to Illinois consumers they would then fall within the "commission of a tortious act" prong of the Illinois' long-arm statute making them amenable to service of process in Illinois. 735 ILL. COMP. STAT. 5/2-209(a)(2). The question becomes whether defendants sold their product to Illinois consumers, thus committing a tort in Illinois.

Defendants argue that they have not sold any Omar Bear directly to Illinois consumers or retailers. (Defs.' Mot. Dismiss ¶¶ 24, 29.) They contend that all of its sales of the Omar Bears that eventually made it to Illinois consumers where made to central purchasing agents not located in Illinois which then sold to retail stores in Illinois. (*Id.* ¶ 27.) Plaintiffs have not rebutted this contention except to say that the sale to non-Illinois central purchasing agents is immaterial. (Pls.' Resp. Defs.' Mot. Dismiss at 5.)

Plaintiffs also allege that defendants conduct business in Illinois. (Compl. ¶ 6.) A corporation is doing business in Illinois when it engages in a regularity of activities in Illinois. *Michael J. Neuman & Assocs., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994). The activity of the corporation must not be occasional or casual, but rather conducted with a "fair measure of permanence and continuity." *Cook Assocs., Inc. v. Lexington United Corp.*, 87 Ill.2d 190, 202 (Ill. 1981). The question then is whether defendants are doing business within the meaning of the long-arm statute.

Defendants contend that they do not conduct business in Illinois within the meaning of the long-arm. (Defs.' Mot. Dismiss ¶ 36.) Plaintiffs have not rebutted this contention except to make the circular argument that defendants fall within the "doing business" finger of the long-arm because the cause of action arises from the business they have done in Illinois. (Pls.' Resp. at 4, 5.) Plaintiffs cite no case law to establish whether defendants could fall within this section of the long-arm. Thus, again they have not fulfilled their burden.

However, the inquiry does not end here. Since the adoption of the catch-all provision in Illinois' long-arm statute, "the statutory analysis collapses into a due process inquiry, and we need not consider whether defendants engaged in any of the acts enumerated in the long-arm statute." *LFG, L.L.C. v. Zapata Corp.*, 78 F. Supp. 2d 731, 735 (N.D. Ill. 1999). But even assuming *arguendo* that plaintiffs had shown that defendants fall within the long-arm it is still necessary to analyze whether due process under the Fifth Amendment would be offended by the court's exercise of personal jurisdiction over defendants. *Id.* A court may exercise either specific or general jurisdiction over a defendant. *Helicopteros Nacionales de Colombia, SA v. Hall*, 466 U.S. 408, 414 (1984).

A defendant who is domiciled in a forum state or who has conducted "continuous and systematic" activity within the forum state is subject to general jurisdiction, meaning that the defendant may be haled into court in the forum state for matters unrelated to his contacts with that forum state. *Id.* "[T]he Illinois courts . . . insist that the business done by the defendant in Illinois be intentional, substantial, and continuous rather than inadvertent, trivial, or sporadic, that it continue up to the time of suit, and that it evidence a purpose on the part of the defendant to avail himself of the protection of the laws of Illinois." *Asset Allocation & Mgmt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 570 (7th Cir. 1989).

Plaintiffs argue that because defendants maintain a web site that is accessible to Illinois consumers defendants should be subject to general jurisdiction within Illinois. (Pls.' Resp. Defs.' Mot. Dismiss at 5.) Thus, the issue is whether defendants' contacts with Illinois, the sale of ninety "Omar" Bears to central purchasing agents outside of Illinois (who then sold them to Illinois retailers who then sold them Illinois consumers) and maintaining a web site accessible to Illinois consumers, is enough to warrant general jurisdiction. As defendants aptly note, "continuous and systematic" is a fairly high standard. (Defs.' Reply Mem. at 4.)

Although the Seventh Circuit has yet to deal with the issue of how maintaining a web site affects the personal jurisdiction analysis, many courts in this district have adopted a sliding scale approach to deal with this recent issue. *TY, Inc. v. BABY ME Inc.*, No. 00 C 6016, 2001 U.S. Dist.

LEXIS 5761, at *10 (citations omitted). Under the *Zippo* sliding scale analysis there are three different tiers: (1) where the defendant enters into contracts with residents of the foreign jurisdiction; (2) where the defendant maintains an interactive web site and a consumer can exchange information with the host computer; and (3) where the defendant maintains a passive web site that is only informative in nature. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123-25 (W.D. Pa. 1997). A passive web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. *TY, Inc.*, No. 00 C 6016, 2001 U.S. Dist. LEXIS 5761, at *11. We turn to the question of which type of web site defendants maintain in Illinois.

If one goes to defendants' web site at www.w-s-o.com/Wishpets/index.htm one quickly realizes that this is a passive web site if ever there was one. The web site does contain an address, telephone number, and fax number for those who are interested in doing business with Wishpets. However, there is no place on this web site to buy any item from Wishpets or to exchange information with Wishpets. Rather, this web site is merely one of a number that make up what is essentially a listing of companies that manufacture toys. There is not even an image of any product that Wishpets produces on this web site. Thus, this web site would most appropriately be categorized as a "passive" web site under the *Zippo* analysis. Therefore, it is not appropriate to characterize defendants' activities in Illinois as "continuous and systematic" simply because they maintain a passive web site and have sold ninety Omar Bear dolls to central purchasing agents not located in Illinois who sold to Illinois retailers who in turn have sold Omar Bears to Illinois' consumers over the past two years. Thus, given the facts of this case, the Court finds that defendants are not subject to general jurisdiction.

Next, the Court considers whether defendants are subject to specific jurisdiction. Specific jurisdiction differs from general jurisdiction in that the claim brought against the defendant must have arisen out of the defendant's contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The venerable two-part *International Shoe* test that determines whether specific jurisdiction can be exercised over a non-resident defendant is (1) that the defendant have minimum contacts with the forum state, and (2) that traditional notions of fair play and substantial justice are not offended by hailing the non-resident defendant into a foreign jurisdiction. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

In analyzing the first part of the *Shoe* test, the pivotal and essential question is whether a defendant has purposely availed himself of the privilege of acting in the forum state. *World-Wide Volkswagen Corp., v. Woodson*, 444 U.S. 286, 297 (1980). The question is whether "the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *Id.* The defendant's contacts with the forum state cannot be random, fortuitous, or attenuated. *Burger King Corp.*, 471 U.S. at 472. The issue becomes whether defendants have purposely availed themselves of Illinois consumers.

Defendants claim that they do not have sufficient minimum contacts with Illinois to subject them to the jurisdiction of Illinois' courts. (Defs.' Mot. Dismiss ¶ 37.) They concede that Omar Bears have been sold to Illinois customers. (*Id.* ¶ 26.) They argue, however, that their dealings were exclusively with "central purchasing agents" of retail chains stores located in Illinois. (*Id.* ¶ 27.) None of these "central purchasing agents" were located in Illinois (*id.* ¶ 28), and defendants never dealt with any of the Illinois retailers directly (*id.* ¶ 29).

Plaintiffs' response to this argument by defendants is devoid of any real substance and is not supported by any case law. (Pls.' Resp. Mot. Dismiss at 5.) Plaintiff states that "the defendant's assertion that such business was conducted through purchasing agents does not, it is submitted, establish that [plaintiffs'] cause of action does not arise out of business transacted in Illinois, that defendants are not doing business within Illinois or that such business is not being regularly conducted in Illinois. (*Id.*) The issue then becomes what is the effect of these sales of

Omar Bears to retail stores in Illinois by "central purchasing agencies" that are not located in Illinois.

"If the sale of a product of a manufacturer or distributor . . . is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States . . . ." *World-Wide Volkswagen*, 444 U.S. at 297. What cannot be disputed in this case is that Omar Bears were sold to Illinois consumers and that defendants knew about these sales at some point because they know exactly how much revenue they earned from them. (Defs.' Mot. Dismiss ¶¶ 31, 32.) The pivotal issue is whether defendants have purposely availed themselves of Illinois customers. It is plaintiffs' burden to show that defendants have done so and, in the court's opinion, they have not met their burden.

There is nothing in plaintiffs' complaint or memorandum in response to defendants' motion to dismiss that shows that defendants purposefully availed themselves of Illinois or purposely directed these Omar Bears to Illinois consumers. Defendants have no contacts with Illinois other than the web site and the ninety Omar Bears that it sold to central purchasing agents outside of the state which then sold to Illinois' retail stores which then sold to Illinois consumers. The web site is not interactive enough to warrant personal jurisdiction. Customers in Illinois cannot purchase any products via the web site. No information can be exchanged over the web site. In fact, a customer accessing the web site would have no idea that defendants manufacture or sell Omar Bears. Defendants provided the information regarding the sales of the Omar Bears to Illinois and there is nothing to suggest that these sales were anything more than defendants placing their product out into the stream of commerce. Furthermore, defendants have made only a small volume of sales to Illinois consumers ($675.00 for 1999 and 2000 combined). Cases dealing with such small volume of sales have only exercised personal jurisdiction where the defendant is also engaging in active solicitation of business or targeting the forum state. *See Hot Wax, Inc. v. Stone Soap, Co., Inc.*, No. 97 C 6878, 1999 U.S. Dist. LEXIS 4091, at *10-11 (citations omitted). Plaintiffs have not shown that defendants have engaged in any such activity in

10

Illinois.

The fact that defendants knew their product entered Illinois is not enough for Illinois to exercise personal jurisdiction over them. *Asahi Metal Indus. Co., Ltd., v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987) (where the defendant knew that its product would enter the foreign state, but the Court found that simply placing a product into the stream of commerce is not enough to find personal jurisdiction). Therefore, since plaintiffs have not shown that defendants have purposely availed themselves of Illinois, this Court cannot exercise personal jurisdiction over defendants without violating due process.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' Rule 12(b)(2) Motion to Dismiss [docket no. 7-1]. Because the Court dismisses this case for want of jurisdiction, the Court need not address the merits of defendants' motion to transfer [docket no. 7-2], which is denied as moot. This case is hereby terminated and all other pending motions are dismissed as moot.

**SO ORDERED.**

ENTERED: 8/22/07

HON. RONALD A. GUZMAN
**United States Judge**